IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LINDA W.L. STARR,                )<br>                                              )<br>           Plaintiff,              )<br>                                              )<br>      vs.                              )<br>                                              )<br>STATE OF HAWAII,            )<br>DEPARTMENT OF ACCOUNTING )<br>AND GENERAL SERVICES   )<br>(DAGS); RUSS K. SAITO, in his )<br>official capacity of State Comptroller )<br>only,                                   )<br>                                              )<br>           Defendants.            )<br>_____ ) | CV NO 05-00665 DAE LEK |

ORDER GRANTING DEFENDANTS' MOTION TO DISSOLVE
PRELIMINARY INJUNCTION
----

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing the motion and the supporting and opposing memoranda, the Court GRANTS Defendants' Motion to Dissolve Preliminary Injunction.

BACKGROUND
----

Plaintiff, Linda W.L. Starr, is a Data Processing Systems Analyst V for the State Department of Accounting and General Services ("DAGS"). Plaintiff filed the instant action against Defendants, State of Hawaii, Department of

Accounting and General Services ("DAGS"), and Russ K. Saito, alleging employment disability discrimination for failure to provide her with reasonable accommodations, in violation of 42 U.S.C. § 1983, 42 U.S.C. § 12101 ("ADA"), 42 U.S.C. § 12203 ("Retaliation under the ADA"), 29 U.S.C. § 794 ("Rehabilitation Act"), and Hawaii Revised Statutes ("HRS") Chapter 378. Plaintiff seeks damages, declaratory relief, and injunctive relief.

On November 15, 2005, this Court granted Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction ("Injunction Order"). This Court ordered Defendants (1) to maintain the status quo regarding Plaintiff's employment status; (2) to allow Plaintiff to report to work by 9:15 a.m., rather than 9:00 a.m.; (3) not to take action against Plaintiff in any manner pending this case, so long as Plaintiff reported to work by 9:15 a.m.; and (4) not to take any disciplinary action regarding the time when Plaintiff would report to work, so long as she reported by 9:15 a.m.  (Order Granting TRO and Prelim. Injunc. at 2.)

On January 26, 2006, this Court denied Defendants' Motion to Dismiss as Moot; granted Defendants' Motion to Dismiss Amended Complaint Without Prejudice; and Granted Plaintiff's Leave to Amend her Complaint ("Motion to Dismiss Order").  That Order dismissed Plaintiff's § 1983, ADA, and HRS claims against DAGS.  It also dismissed Plaintiff's § 1983 claim and claims

2

for monetary damages against Mr. Saito, but it upheld claims for injunctive relief against Mr. Saito under the ADA and HRS Chapter 378, so long as Plaintiff first exhausted her administrative remedies.  It further upheld claims for relief against Mr. Saito and DAGS under the Rehabilitation Act, with the same condition.  Since then, Plaintiff has filed a Second Amended Complaint, per the Motion to Dismiss Order, and attached as an exhibit a right-to sue-letter from the EEOC, demonstrating that she has exhausted her administrative remedies.  Accordingly, Plaintiff's cause of action against DAGS under the Rehabilitation Act and causes of action against Mr. Saito under the ADA, HRS Chapter 378, and the Rehabilitation Act still stand.

On January 30, 2007, Defendants filed the instant Motion to Dissolve Preliminary Injunction, which Plaintiff opposed on February 28, 2007.  Defendants filed their reply on March 8, 2007.

## STANDARD OF REVIEW

A district court has wide discretion to dissolve or to modify a preliminary injunction if circumstances, whether of fact or law, have changed since the issuance of the injunction.  See Mariscal-Sandoval v. Ashcroft, 370 F.3d 851, 859 (9th Cir. 2004); A&M Records, Inc. v. Napster, Inc., 284 F.3d 1091, 1098 (9th Cir. 2002); Sys. Fed'n No. 91 v. Wright, 364 U.S. 642, 647 (1961).  That standard

3

holds particularly true where one party has altered the circumstances to turn the injunction into an "instrument of wrong." Wright, 364 U.S. at 647 (citation omitted).

## DISCUSSION

Defendants maintain that DAGS reasonably accommodated Plaintiff by (1) allowing her to report to work after 9:00 a.m. while being treated for sleep apnea (which DAGS believed to be a "temporary" and "treatable" condition); (2) granting Plaintiff up to two hours of paid non-productive overhead time for Plaintiff to use the restroom due to decreased mobility; and (3) processing Plaintiff's numerous requests for accommodation, including relocating Plaintiff's office to a more convenient building, providing Plaintiff with a reserved handicap parking stall, adjusting the timing of elevator doors, and arranging special transportation for Plaintiff to attend work-related functions outside of the office. (Matsuura Decl., Ex. B, C; Plaintiff's Ex. E.) Despite those accommodations, Defendants argue that Plaintiff consistently has disregarded DAGS' work requirements, including reporting to work by the time specified in the Injunction Order (9:15 a.m.).

### A. Changed Circumstances Permit Dissolution

Defendants assert that, since the injunction was issued, Plaintiff consistently has reported to work after 9:15 a.m., providing roughly 88 pages of documentation indicating that she consistently has arrived between 9:30 and 10:30 a.m. (sometimes arriving a bit earlier or later) from October 2006 to February 2007.  (Reply, Ex. 1.)  Defendants also contend that an investigation that was completed after the injunction was issued revealed that, between June 1, 2005 and September 30, 2005 (before the injunction), Plaintiff disregarded her employer's instructions to conform to her start time of 9:00 a.m., end time of 5:45 p.m. (which is the latest allowable end time under the State's flextime policy), and 65-minute lunch period; to account for all hours at the work site; and to report arrival and departure times in e-mail.  As such, Defendants seek permission to discipline Plaintiff for those acts through 20 days suspension without pay and charging Plaintiff with five hours and 57 minutes of unauthorized leave without pay. Defendants also seek permission to conduct additional investigations and to take appropriate action, if necessary, for Plaintiff's continued disregard of such work requirements.  (Matsuura Decl., Exs. F, G, H.)

Plaintiff, relying on her declaration, responds with a hodgepodge of complaints about Defendants' accommodations, without disputing Defendants'

5

charges of changed circumstances. In fact, she concedes that she has a history of consistent tardiness, but rather claims that her tardiness has not affected her work performance in that she still performs satisfactorily. (<u>Plaintiff's Ex.</u> B.) Defendants argue otherwise, highlighting the Supervisor's Discussion Notes, which Plaintiff omitted to include. Those notes describe problems with Plaintiff's work performance and explain why Plaintiff's access to certain programs has been curtailed, about which she complains. (<u>Reply Ex.</u> 7.)

   Plaintiff also asserts that Defendants increased pressure on her following the injunction has exacerbated her sleep impairment condition, without discussing how this exacerbation has affected her ability to work during the designated hours. (<u>Starr Decl.</u> ¶ 6.) In her email time-stamps, Plaintiff provides a variety of reasons for her tardiness, such as diarrhea, dizziness, nausea, back sprains, back spasms, and difficulty standing, none of which this Court finds compelling without medical or other forms of documentation indicating that her disability was the cause of her tardiness. (<u>Reply, Ex.</u> 1.) If Plaintiff's condition, in fact, has worsened, impairing her ability to arrive at work at the designated time, she should have filed a motion for modification of the injunction requesting a later work time, providing documentation in support. She has made no such motion. Instead, she makes numerous complaints in response to Defendants' motion to

dissolve, most of which address problems that she encountered before the injunction and/or dissatisfaction with the accommodations provided, which do not address her ability or inability to comply with the Injunction Order.

Additionally, the only reason that Plaintiff provides for her inability to conform to the 5:45 p.m. end time is that she disagrees with the "physical safety" concern, which Plaintiff argues is the only reason provided for that end time besides the State's "boilerplate policy." She argues that those safety concerns exist regardless of when she stops work because she works alone in an office.[1] (Starr Decl. ¶ 14-15.) This Court finds that reason inadequate. She has provided no evidence to support that assertion or evidence to combat the State's "boilerplate policy" for instituting that end time. Furthermore, Plaintiff has not provided any reason why she has been exceeding her 65-minute lunch period without submitting the appropriate leave requests. Accordingly, in light of Defendants' evidence of changed circumstances, namely, that Plaintiff repeatedly has disregarded the conditions set forth in the Injunction Order, and Plaintiff's failure to provide

---

[1] Incidentally, Plaintiff also complains about working alone in a windowless office. Defendants, however, point out that Plaintiff was supposed to move to a sixth floor office in the Keoni Ana Building with the rest of her division, according to the settlement agreement, but that she chose not to make the move because of "severe allergic and other reactions that she claims to experience when going to the fifth and sixth floors" of that building. (Plaintiff's Ex. E, at ¶ 3; Reply Ex. 8.)

adequate reasons for her noncompliance, this Court GRANTS Defendants' Motion to Dissolve the Preliminary Injunction.

### B. Remaining Claims Need Not Be Addressed

As for Plaintiff's remaining complaints about Defendants' accommodations, those complaints do not impact the decision of this Court. Plaintiff argues that Defendants try to take credit for accommodations that were put in place according to terms of a settlement agreement; she complains about the hassle that she had to go through in the process, and about the unsatisfactory job in meeting certain accommodations, such as the elevator timing and her special transportation; and she claims that one accommodation, giving her two hours of paid, non-productive work time, is not an accommodation as other DAGS "should be presumed" to have that extra time, and some do. (Starr Decl. ¶¶ 8-12 and Ex. E.) She does not explain how those complaints pertain to the instant motion; for instance, she does not argue that those poor accommodations made her compliance with the Injunction Order impracticable or impossible. Nor does this Court see why those complaints would have had such an influence on Plaintiff's ability to comply with the Injunction Order. As such, this Court need not, at this stage, touch on the merits of those claims.

The same applies to the Plaintiff's "job transfer" claim.  Plaintiff argues that, even though the State has given her three options, that is, to retire, to resign, or to transfer to a different position, the only option that would work for her would be to transfer positions.  (Starr Decl. ¶ 7.)  Still, after finding two vacant job announcements on her own and before applying for the position, the State changed the job qualifications to provide for heavy lifting, which she could not do.  (Id.) Defendants respond that the announcements inadvertently did not include "heavy lifting" and that the requirement was established before Plaintiff applied.  (Reply Exs. 3, 4.)  Notwithstanding the merits of Plaintiff's argument, whatever her argument may be, any arguments concerning alternative accommodations relate to Plaintiff's complaint and the underlying lawsuit against Defendants, not to Plaintiff's compliance with the Injunction Order.

### C. Defendants May Conduct Additional Investigations and Take Action as Needed

Defendants seek permission to conduct additional investigations and to take appropriate action, if necessary, to respond to Plaintiff's continued disregard for DAGS' work requirements.  This Court will allow Defendants to take any actions that it deems appropriate, which are consistent with federal and state law, to address Plaintiff's continued noncompliance.  Defendants also seek

9

permission to discipline Plaintiff for acts occurring between June 1, 2005 and September 30, 2005, which came to light during an investigation completed after the injunction was issued.  Plaintiff provides no defense to those acts, except to the extent that she argues that Defendants' attempt to suspend her for such acts amounts to a "pattern of discrimination" when combined with the ten-day suspension previously instituted.[2]  Whatever the outcome of that argument, it is of no consequence here because the instant Motion involves dissolution of a preliminary injunction.  Plaintiff may challenge any action that Defendants take concerning the above employment problems.  However Plaintiff decides to proceed, her decision will not affect the instant Motion, as Defendants have provided ample reasons of changed factual circumstances, with supporting documentation, to support dissolution of the injunction.

---

[2] Plaintiff argues that the fact that she withdrew a previous union grievance contesting her ten-day suspension does not mean that she no longer contests that suspension because, apparently, she plans to use that suspension with the most recent request to support her argument of a "pattern of discrimination."  Whether that argument will hold weight is not a matter that need be determined at this stage.

## CONCLUSION

For the reasons stated above, the Court GRANTS Defendants' Motion to Dissolve Preliminary Injunction.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 16, 2007.



_____
David Alan Ezra
United States District Judge

Linda W.L. Starr vs. State of Hawaii, et al., Civil No. 05-00665 DAE-LEK; ORDER GRANTING DEFENDANTS' MOTION TO DISSOLVE PRELIMINARY INJUNCTION

11